17-3463-cv
*LLM Bar Exam, LLC v. Barbri, Inc.*

𝕴𝖓 𝖙𝖍𝖊
𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘
𝕱𝖔𝖗 𝖙𝖍𝖊 𝕾𝖊𝖈𝖔𝖓𝖉 𝕮𝖎𝖗𝖈𝖚𝖎𝖙

---

August Term, 2018

Argued: March 27, 2019
Decided: April 25, 2019

Docket No. 17-3463-cv

---

LLM BAR EXAM, LLC,

*Plaintiff - Appellant,*

v.

BARBRI, INC., COLUMBIA LAW SCHOOL, NEW YORK UNIVERSITY SCHOOL OF LAW, HARVARD LAW SCHOOL, ST. JOHN'S UNIVERSITY SCHOOL OF LAW, DUKE UNIVERSITY SCHOOL OF LAW, GEORGETOWN UNIVERSITY LAW CENTER, EMORY UNIVERSITY SCHOOL OF LAW, SYLVIA T. POLO, NITZA ESCALERA, FORDHAM UNIVERSITY SCHOOL OF LAW, BENJAMIN N. CARDOZO SCHOOL OF LAW, UNIVERSITY OF SOUTHERN CALIFORNIA GOULD SCHOOL OF LAW,

*Defendants - Appellees,*

JOHN DOES 1 THROUGH 5, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, UNIVERSITY OF CALIFORNIA, BERKELEY, SCHOOL OF LAW,

*Defendants.**

---

*The Clerk of Court is respectfully requested to amend the caption as stated above.

Appeal from the United States District Court
for the Southern District of New York
No. 1:16-cv-3770 – Katherine Polk Failla, *Judge.*

---

Before: PARKER, HALL, and DRONEY, *Circuit Judges.*

Plaintiff-Appellant LLM Bar Exam, LLC challenges the District Court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of its Sherman Act and RICO claims. We adopt the District Court's well-reasoned and thorough analysis of LBE's allegations, and conclude that the District Court properly dismissed LBE's complaint because it fails to state a plausible claim for relief.

AFFIRMED.

---

JUDD R. SPRAY, Law Office of Judd R. Spray, New York, NY, *for Plaintiff-Appellant.*

BRIAN T. BURGESS, Goodwin Procter LLP, Washington, DC, Christopher T. Holding (*on the brief*), Goodwin Procter LLP, Boston, MA, *for Defendant-Appellee Barbri, Inc.*

PETER S. JULIAN, Karen H. Lent (*on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, *for Defendants-Appellees Columbia Law School, New York University School of Law, St. John's University School of Law, Sylvia T. Polo, Nitza Escalera, Fordham University School of Law, and Benjamin N. Cardozo School of Law.*

Scott E. Gant, Samuel S. Ungar, Boies Schiller Flexner LLP, Washington, DC, *for Defendants-Appellees Harvard Law School, Duke University School of Law, University of Southern California Gould School of Law, Georgetown University Law Center, and Emory University School of Law.*

---

PER CURIAM:

Plaintiff-Appellant LLM Bar Exam, LLC ("LBE") appeals from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*) entered on the court's September 25, 2017 order granting Defendants-Appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Between 2009 and 2016, LBE offered bar exam review courses designed for foreign attorneys who obtain Master of Law ("LL.M.") degrees from U.S. law schools. Defendant-Appellee Barbri, Inc. ("Barbri"), a company that provides bar preparation courses to both LL.M. and J.D. graduates, is "a direct competitor of LBE." Supp. App. 7. The operative First Amended Complaint ("FAC") alleges a wide-ranging conspiracy between and among Barbri and the defendant law schools.[1] LBE claims that Barbri and the law schools entered into agreements whereby Barbri donates money to the schools, bribes their administrators, and hires their faculty to teach bar review courses; in exchange, the law schools give

---

[1] The defendant law schools fall into two categories. The New York law schools are Columbia Law School and its Dean of Graduate Legal Studies, Sylvia T. Polo; New York University Law School; St. John's University School of Law; Fordham University School of Law and its Assistant Dean of Student Affairs, Nitza Escalera; and Benjamin N. Cardozo School of Law. The law schools outside New York are Harvard Law School; Duke University School of Law; the University of Southern California Gould School of Law; Georgetown University Law Center; and Emory University School of Law. LBE agreed to voluntarily dismiss this appeal with prejudice with respect to the law schools located outside New York.

3

Barbri "direct access . . . to promote and sell its products on campus directly to the JD Market and LLM Market" and "use campus facilities for lecture space." *Id*. at 14.[2] The agreements' alleged purpose is to "restrain competition" in the bar review markets and "maintain supracompetitive prices of bar review courses for the common benefit" of Defendants-Appellees. *Id*. LBE further alleges the law schools have conspired with each other to prevent LBE from challenging Barbri's dominance in the bar review market. LBE alleges Barbri has gained "a monopoly within the bar review marketplace," with, LBE assumes, "over 80% market share" of that market. *Id*. at 13. "As a result of the collective actions of Defendants, all instigated and directed by Barbri," LBE claims, "LBE was forced out of business" at an unspecified time. *Id*. at 18.

Although both LL.M. graduates and J.D. graduates take the same bar exam, LBE asserts that there are two distinct markets for bar exam review courses: the "JD Market" and the "LLM Market." *Id*. at 11. "Barriers to entry in both the JD Market and the LLM Market are exceedingly high," according to LBE, but "[t]he LLM Market is far more limited than the JD Market" as there are

_____

[2] As the District Court noted, the FAC does not indicate whether the alleged agreements between Barbri and the law schools are oral or written. It is also unclear when Barbri is alleged to have entered into these agreements.

4

fewer foreign LL.M. graduates who sit for a bar examination. *Id*. at 11–12.

Although LBE alleges that "Barbri retained the entire LLM Market for itself" when LBE was forced out of business, exhibits to the FAC indicate that at least two other companies, Kaplan and Pieper, also offer bar review courses to LL.M. graduates. *Id*. at 18; *see id*. at 138, 140, 172, 174.

At various times between 2010 and 2016, LBE was banned from campus or otherwise prevented from "tabling, advertising, renting classrooms and selling its product to Foreign LL.M. Students" by all the defendant law schools. *E.g., id*. at 25, 35, 39. LBE alleges some of the schools decided to suspend LBE from campus "without any reason or explanation," *id*. at 20; *see also id*. at 45, 49, and other schools banned LBE due to the interference and negative comments of a Barbri representative. Other allegations and the exhibits attached to the FAC suggest, however, that the law schools took action against LBE when administrators became concerned in response to a variety of complaints from students. There were complaints about the quality of LBE's course materials, about LBE's refusal to provide refunds to students, about misrepresentations made by LBE's marketing representatives to students considering signing up for LBE's course, and about LBE's business tactics, including the use of binding

5

language in its contracts and its decision to pursue litigation against students.

LBE sued Barbri and the defendant law schools in 2016, asserting, *inter alia*, claims for conspiracy to restrain trade, monopolization, and attempted monopolization in violation of the Sherman Act, 15 U.S.C. §§ 1 and 2, and racketeering in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c). The District Court, in a thorough and well-reasoned 76-page opinion, carefully considered LBE's factual allegations and legal claims. Having determined that, "shorn of its internal contradictions and conclusory assertions," the FAC "does not plausibly support" LBE's core claim that Barbri and the law schools conspired to enable Barbri to gain a monopoly, the District Court granted Defendants-Appellees' motion to dismiss in its entirety. *LLM Bar Exam, LLC v. Barbri, Inc.*, 271 F. Supp. 3d 547, 574 (S.D.N.Y. 2017).

On appeal, LBE challenges the District Court's dismissal of its Sherman Act and RICO claims. LBE argues, in conclusory fashion, that the FAC alleges facts sufficient to show that: Defendants-Appellees entered into an agreement to restrain trade; Barbri has monopoly power in the purported LL.M. Market; Barbri engaged in anticompetitive conduct; and Defendants-Appellees engaged in a

6

"pattern of racketeering activity" within the meaning of RICO for the "common purpose" of using "dishonest means to wrest away from LBE its customers in the LLM Market." Appellant Br. 13–14.

"We review *de novo* a grant of a motion to dismiss pursuant to Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 156–57 (2d Cir. 2017) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Upon review, we conclude that the District Court properly granted Defendants-Appellees' motion to dismiss because the FAC does not state a plausible claim to relief. We therefore adopt the District Court's discussion in all respects. *See LLM Bar Exam*, 271 F. Supp. 3d 547.

We have considered LBE's remaining arguments and conclude, also for the reasons ably stated by the District Court, that they are without merit. The judgment of the District Court is **AFFIRMED.**